## Dissinger v. Rosen.

*William E. McCall, Jr.*, for plaintiff; *Abraham Friedman*, for defendant.

BLUETT, J., Aug. 26, 1930.—On Nov. 26, 1929, the defendant in this proceeding issued a writ of summons in trespass against the plaintiff in the present proceeding in Court of Common Pleas No. 4, as of December Term, 1929, No. 601, and served a statement of claim with notice endorsed requiring an affidavit of defense to be filed within fifteen days. On Dec. 6, 1929, the defendant in that proceeding (the plaintiff herein) filed an affidavit of defense in which he denied the agency, but did not set up any counter-claim for damages to his automobile arising out of that accident, caused by any negligence of the plaintiff therein. That action in Common Pleas No. 4 is still pending and undetermined.

On July 14, 1930, plaintiff in this present proceeding issued summons in trespass against defendant (plaintiff in the above mentioned action), returnable the fourth Monday of July, 1930, and filed a statement of claim with notice endorsed to file affidavit of defense, in which he sought to recover $645.70 for damage to his automobile, which he alleges was caused by the negligence of the defendant or his agent and employee, and alleging the same accident or set of circumstances referred to in the first mentioned suit in the Court of Common Pleas No. 4.

The case is before the court now on a petition of the present defendant for a rule to show cause why the plaintiff's present action in trespass should not be discontinued, because it arises out of the same occurrence for which the defendant herein had previously brought his action in trespass against the plaintiff in Common Pleas No. 4 to recover damages for personal injuries which defendant sustained in the same accident, and as the result of the alleged negligence of the plaintiff, his agent or employee.

Defendant sets up as his reason why the action of the plaintiff herein should be discontinued, that section 13 of the Act of May 14, 1915, P. L. 483, as amended by the Act of April 4, 1929, P. L. 140, provides that wherever

there are counter-claims for damages arising out of the same general circumstances, both claims shall be tried as one action.

The amendment of 1929 provides as follows (Act of April 4, 1929, § 13, P. L. 140):

"The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action."

Prior to the passage of this amendment of 1929, it was impossible for a defendant, in an action of trespass for damages by reason of the negligence of the defendant, to set up in a counter-claim or set-off against the plaintiff damages sustained by him in the same accident or under the same set of circumstances. It was, therefore, necessary for a defendant who felt that he had a set-off or counter-claim against the plaintiff in an action of trespass, and for negligence arising out of the same transaction, to begin another action in trespass either in the same court or in another court having jurisdiction of the cause. This, of course, meant a multiplicity of suits, with the additional costs and inconvenience to the parties and witnesses, as well as the additional burden placed upon the courts.

It was for the purpose of remedying this defect in the practice of the law, in having such a multiplicity of suits and litigants in cases of this kind, that the amendment was passed, and the question now arises whether the legislature intended this act to be mandatory or whether it was made merely directory or advisory.

From a reading of the amendment it seems to be clear that the legislature intended the amendment to give the right or option to the defendant in trespass proceedings for negligence to set up his set-off or counter-claim in the original suit of trespass, if he desires to do so. The word "may" in the first line of the amendment is in no sense mandatory, but is only advisory or entirely optional with the defendant. The fact that the latter part of the amendment provides that "both claims *shall* in the said cause be tried as one action," does not change the meaning of the first clause giving the option to the defendant. Should the defendant, however, set up his set-off or counter-claim in the original suit, the last part of the amendment makes it obligatory that the claims of the plaintiff and of the defendant in the set-off shall be tried as one and the same action. The issues in both claims of the plaintiff and the defendant have then been raised in one and the same case, and it is quite proper that the claims should be tried at one and the same time, so that the witnesses to the occurrence may be seen by the court and the jury, the negligence ascertained and the damages determined at one and the same trial.

But where the defendant has not, in accordance with the act, exercised his option or privilege to set off his counter-claim in the original proceedings, there is nothing in the act or in the law to prevent the defendant from beginning another cause of action against the plaintiff for damages by reason of the negligence of the plaintiff, his servants, agents or employees. No jurisdiction has been taken away by the Act of 1929, and if the defendant has not seen fit to exercise his option in setting forth his set-off in the original cause of action, there is nothing to prevent him from beginning another suit in a court of competent jurisdiction. We have only to take the plain ordinary meaning of the words used in the act of assembly to determine that it was the intention of the legislature merely to assist in preventing a number of suits

arising out of the same transaction in trespass. It is entirely optional with the defendant whether or not he set off or counter-claim in the original action or begin a new suit. Had the legislature intended otherwise, it would undoubtedly have used the word "shall" instead of "may" or some other language equally mandatory.

The court is of the opinion that the plaintiff in the present case is within his right to begin an action in our court, and, therefore, the defendant's rule to show cause why the plaintiff's action should not be discontinued because of the court's lack of jurisdiction over both the parties and the cause of action for which suit was brought is discharged, with leave to defendant to file affidavit of defense within fifteen days.